### JEANOTTE v. MORRILL ADAMS CO.
### No. 909.

District Court, D. Maine.
March 17, 1930.

John Percy Deering, of Biddeford, Me., for plaintiff in error.

Raymond S. Oakes, of Portland, Me., and O. Ellery Edwards, of New York City, for defendant in error.

PETERS, District Judge.

This is a bill in equity for alleged infringement of United States patent No. 1,-635,183, issued to the plaintiff July 12, 1927, asking for an injunction, accounting, and damages. The defendant in answering sets up, among other defenses, anticipation, and relies upon United States patent No. 129,579, issued to Myers, July 16, 1872, and upon a French patent, No. 330,977, issued to Benouville, April 7, 1903. These two letters patent were introduced in evidence, as well as the article manufactured by the plaintiff under his patent and a very similar article manufactured by the defendant. No other evidence was introduced.

Applying the familiar rule that what would infringe, if later, anticipates, if earlier, it seems quite clear that there is an anticipation in the Myers patent which is not dissimilar in its principle or method of operation to the French patent.

The plaintiff relies upon claim No. 1 of his patent which can be applied almost literally to the manufacture under the Myers patent. Each is "an article of furniture comprising a frame provided with a horizontal top at its highest portion accessible from all sides as a seat member" (the Myers drawing shows a table, the Jeanotte drawing a stool or stand), "a platform below said top and terminating short of the front portion of the frame, said top having a fixed portion and a hinged portion, the hinged portion being moveable onto said fixed portion to render the bottom surface thereof and said platform accessible as the steps of a step-ladder."

To establish anticipation of a patent, it is necessary that the defendant show that all of the elements of the patented device or their mechanical equivalents are found in the same description or operations where they do substantially the same work by substantially the same means. Read Machinery Co. v. Jaburg (D. C.) 212 F. 951, affirmed (C. C. A.) 218 F. 989.

Applying this principle to the patent in suit and to the Myers patent, it is perfectly clear that all of the elements of the patent in suit are found in the Myers apparatus, where the same result is accomplished by substantially the same means. The only difference perceptible from the drawings in each patent and from the descriptions is that one is called a table and looks like a table, and the other is called a stool or seat, but looks more like a stand or table, an immaterial difference.

It follows that the plaintiff's patent is invalid as not a new invention, and the bill must be dismissed, with costs.